UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLIVIA MORA,

           Plaintiff,

    v.

CITY OF SEATTLE, *et al.*,

           Defendants.

Case No. C24-1084-TL

ORDER TO SHOW CAUSE

    Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) Plaintiff's IFP application contains certain inconsistencies. Plaintiff states she has $100.00 in a checking account and no money in a savings account, but also states she has "$200.00 left in [her] account." (*Id.* at 2.) Plaintiff states she receives income of $1,300.00 per month and has expenses of $10,411.62 per month, but does not explain how she pays her monthly expenses in excess of $1,300.00.[1] (*Id.* at 1-2.) In addition, Plaintiff failed to fully complete the written consent for payment of costs. (*See* dkt. # 1 at 2.)

---

[1] The Court also notes Plaintiff's IFP application here provides markedly different information than in an IFP application she filed in this Court two months ago reporting $984.00 in monthly expenses. *See Mora v. Seattle Housing Authority*, C24-698-RAJ, dkt. # 1 at 2.

ORDER TO SHOW CAUSE - 1

|   |   |
|---|---|
| 1 | The district court may permit indigent litigants to proceed IFP upon completion of a |
| 2 | proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, |
| 3 | a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the |
| 4 | claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 |
| 5 | (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant |
| 6 | must show that he or she "cannot because of his [or her] poverty pay or give security for the |
| 7 | costs and still be able to provide him[ or her]self and dependents with the necessities of life." |
| 8 | *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations |
| 9 | omitted). |
| 10 | The inconsistencies in Plaintiff's IFP application leave the Court unable to determine if |
| 11 | Plaintiff cannot pay court fees. In addition, Plaintiff failed to fully complete the form. Under |
| 12 | these circumstances, Plaintiff should not be authorized to proceed IFP unless she corrects these |
| 13 | deficiencies. |
| 14 | Accordingly, Plaintiff is ORDERED to show cause by **August 12, 2024**, why the Court |
| 15 | should not recommend her IFP application be denied. Plaintiff may, in the alternative, file an |
| 16 | amended IFP application clarifying the inconsistencies identified above. Plaintiff is reminded to |
| 17 | fill in every blank space in the form. The Clerk is directed to send copies of this order to the |
| 18 | parties and to the Honorable Tana Lin. |
| 19 | Dated this 29th day of July, 2024. |

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2