UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br><br>               Plaintiff,<br>   v.<br><br>CITY OF SEATTLE ET AL,<br><br>               Defendants. | CASE NO. 2:24-cv-01084-TL<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

    This matter is before the Court on Plaintiff Olivia Mora's Motion to Appoint Counsel. Dkt. No. 9. Having reviewed the Motion and relevant record, the Court DENIES Plaintiff's Motion with leave to refile, should a more developed record necessitate court-appointed counsel.

    "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming

1  denial of appointment of counsel), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en
2  banc). Instead, a court may appoint counsel for indigent civil litigants under "exceptional
3  circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *Palmer*, 560 F.3d at 970. When determining
4  whether "exceptional circumstances" exist, a court must at least consider "the likelihood of
5  success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light
6  of the complexity of the legal issues involved." *Id.* (quotation marks omitted) (quoting *Weygandt*
7  *v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; they
8  must be viewed together. *Id.* Further, a plaintiff's need for discovery does not necessarily
9  demonstrate a complexity of legal issues requisite for appointment of counsel. *Wilborn v.*
10 *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

11     Having considered the standard for appointment of counsel for indigent civil litigants, the
12 complaint, and Plaintiff's Motion, the Court finds appointment of counsel to be inappropriate. At
13 this stage of the litigation, the Court cannot conclude that exceptional circumstances exist to
14 warrant appointment of counsel. While available facts may give rise to some colorable claims of
15 discrimination, the record remains insufficient for the Court to weigh the likelihood of success
16 on the merits. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363, 2021 WL 4952187, at *1 (W.D.
17 Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have
18 a strong likelihood of success on the merits."). Nevertheless, the allegations that Plaintiff
19 ultimately refused assistance offered by Seattle Relief Fund agents (*see* Dkt. No. 7 ¶¶ 39–41) and
20 may have failed to exhaust her administrative remedies (*see* Dkt. No. 15 at 2, 12) weigh against a
21 finding that Plaintiff's claims have a *strong* likelihood of success on the merits.

22     The claims at issue are also relatively straightforward and Plaintiff has demonstrated
23 sufficient ability to articulate her claims. *See Mora v. Seattle Housing Authority*, No. C24-698,
24 2024 WL 4417328, at *1 (W.D. Wash. Oct. 3, 2024) (denying where the court found that

disability discrimination claims were not "sufficiently complex to warrant" appointment); *see also Melegh v. Pennell*, No. C23-1490, 2023 WL 6377559, at *1 (W.D. Wash. Sept. 29, 2023) (denying appointment of counsel for uncomplicated issues raised in disability discrimination case and plaintiff's demonstrated ability to articulate their claim). Central to this action is the question of whether Defendants discriminated against Plaintiff on the basis of her cognitive and physical disabilities. *See generally* Dkt. No. 7. Plaintiff's filings illustrate a level of legal comprehension that shows a clear grasp of her case, including pleadings of fact and reference to relevant issues of law.[1] This demonstrated capacity fails to meet the requisite high bar of showing a level of legal complexity that impedes a *pro se* plaintiff's ability to present their case. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020); *see also Melegh*, 2023 WL 6377559, at *1 (denying appointment of counsel where there was no evidence to suggest plaintiff's incapacity to adequately state and prove their claim).

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is DENIED with leave to refile as appropriate upon further development of the record.

Dated this 30th day of October 2024.

Tana Lin
United States District Judge

---

[1] Though not determinative of the instant Motion, the Court notes separate and ongoing litigation wherein Plaintiff Mora has been denied a similar request for appointment of counsel due to her sufficient ability to articulate analogous legal issues. *See Mora,* 2024 WL4417328, at *1.