UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE ET AL,<br>Defendants. | CASE NO. 2:24-cv-01084-TL<br><br>ORDER ON MOTION TO ALTER OR AMEND JUDGMENT |

This matter is before the Court on Plaintiff Olivia Mora's Motion to Alter or Amend Judgment. Dkt. No. 41. Having reviewed the motion, Defendant City of Seattle's ("City") response (Dkt. No. 42), and Plaintiff not having filed a reply, the Court DENIES the motion.

## I. BACKGROUND

On August 19, 2026, the Court granted Defendant City's motion for summary judgment and dismissed all of Plaintiff's claims. Dkt. No. 39 (Order on Defendant's Motion for Summary Judgment). Plaintiff now brings a Motion to Alter or Amend Judgment, referred to here as a

motion for reconsideration, under Federal Rule of Civil Procedure 59(e). The Court otherwise assumes familiarity with the facts of the case.

## II. LEGAL STANDARD

A motion under Rule 59(e) may only be granted where: "1) the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence,' 3) the motion is necessary to 'prevent manifest injustice,' or 4) there is an 'intervening change in controlling law.'" *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). "A Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation modified) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)). "District courts have 'considerable discretion' in deciding Rule 59(e) motions." *Id.* (quoting *Turner*, 338 F.3d at 1063).

## III. DISCUSSION

Plaintiff provides the standard for Rule 59(e) motions but does not explicitly assert under which ground her motion should be granted. The Court interprets Plaintiff's argument to be that the Court committed manifest error in dismissing Plaintiff's claims. *See* Dkt. No. 41 ¶¶ 9–11. That also seems to be the only applicable ground for reconsideration. *See generally id.*

Plaintiff asserts "the Court should have dismissed the Complaint and allowed the Plaintiff leave to amend the Complaint to state a cause of action." *Id.* ¶ 9. She goes on to state, that "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id.* ¶ 10 (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003). In support of this argument, Plaintiff asserts, "the court clearly sets forth that if the allegations from the deposition were in

the Complaint, there would have been a cause of action on the reasonable accommodation." *Id.* ¶ 11. The Court stated no such thing and, in fact, stated the opposite. The Court reviewed the deposition provided by Defendant City and determined that the evidence within the deposition not only supported dismissing claims 1, 2, 5, and 6 against Defendant City because it negated an essential element of Plaintiff's claim but also that the deposition further supported dismissal of all remaining claims against Defendant OIRA and Defendant Scholar Fund because it made clear that any amendment to Plaintiff's complaint would be futile. Dkt. No. 39 at 8–10, 15–16. Further, this case was at an advanced stage in that it had already proceeded through discovery and, therefore, both Parties had been given an opportunity to develop and present evidence supporting their positions on summary judgment.

Next, Plaintiff asserts that "the use of Artificial Intelligence hindered the Plaintiff from participating effectively in the program as a person with a disability." Dkt. No. 41 ¶ 12. Plaintiff provides no explanation as to how artificial intelligence hindered her ability to participate in the program. Moreover, Plaintiff does not provide any reason for why such an assertion could not have been made in her complaint or her brief in response to Defendant City's motion for summary judgment. Arguments such as these cannot be raised for the first time in a motion to reconsider. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation modified)).

Lastly, Plaintiff argues that "Any evidence presented by the Defendant to show that they attempted to accommodate the Plaintiff, is based on their allegation that she failed to ask for the proper accommodation." Dkt. No. 41 ¶ 14. The Court will not entertain this argument, as it relitigates issues raised in the Parties' briefing on Defendant City's motion for summary judgment, and the Court addressed in its Order on Defendant's Motion for Summary Judgment

the issue of Plaintiff's failure to express what accommodation she needed (*see* Dkt. No. 39 at 9–10); *Exxon Shipping Co.*, 554 U.S. at 485 n.5.

For these reasons, the Court finds that Plaintiff has failed to carry her burden of showing manifest error of law or fact or any other basis for reconsideration under Rule 59(e).

## IV. Conclusion

Accordingly, Plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 41) is DENIED.

Dated this 6th day of October, 2026.

Tana Lin
United States District Judge